UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

                Plaintiff,

v.

O'BELL T. WINN, et al.,

                Defendants.

_____/

Case No. 2:17-cv-11627
Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## **ORDER REGARDING PLAINTIFF'S JUNE 26, 2017 MOTION (DE 6)**

Michael Kitchen (#189265), who is currently in the MDOC's custody at Earnest C. Brooks Correctional Facility (LRF), has filed the instant lawsuit *in pro per* against ten (10) named defendants, each of whom is described as located at the Saginaw Correctional Facility (SRF). (DE 1.) To date, the Court has entered: (1) an order waiving prepayment of the filing fee and directing payment of the initial partial filing fee and subsequent payments (DE 4), which also granted Plaintiff's application to proceed in district court without prepaying fees or costs (DE 2); and (2) an order directing service without prepayment of costs and authorizing the U.S. Marshal Service (USMS) to collect costs after service is made (DE 8). In addition, the USMS has acknowledged receipt of service of process documents. (DE 9.) Thus, service upon the Defendants is ongoing.

Judge Steeh has referred this case to me for all pretrial proceedings. (DE 7.) Currently before the Court is Plaintiff's motion for "proper interpretation" of the Court's May 30, 2017 order, to require refund and to impose sanctions. (DE 6.) At issue are the order's provision for an "initial partial filing fee" of $53.07, as well as "monthly payments of twenty percent (20%) of the preceding month's income credited to plaintiff's account[,]" *see also* 28 U.S.C. § 1915(e)(2), and the order's directive that "in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to plaintiff's account to the Clerk of this Court until plaintiff has paid the entire filing fee of $350.00." (DE 4.) In sum, Plaintiff seeks a court order requiring the MDOC "to properly interpret its order concerning the federal filing fee and to refund $60.00 to Plaintiff's prison account . . . ." (DE 6 at 1.)

Upon consideration, Plaintiff's June 26, 2017 motion (DE 6) is **DENIED WITHOUT PREJUDICE**. Preliminarily, Plaintiff claims that an Exhibit C evidences that he was left with a spendable balance of $0.00 following the aforementioned withdrawals and "the withdrawal of other outstanding obligations . . . ." (DE 6 at 4.) However, Plaintiff's filing only contains two exhibits: (1) an account statement for the date of June 5, 2017, which indicates a same-day receipt of $300.00, followed by federal filing fee debits of $53.07 and $60.00, and five postage debits of $0.46, and shows a balance of $184.63 (Exhibit A); and (2)

Plaintiff's June 7, 2017 letter challenging the simultaneous withdrawals totaling $113.07 (comprised of the initial partial filing fee and a monthly payment), to which K. Weiner appears to have responded on June 8, 2017 (Exhibit B). (DE 6 at 6-7.)[1] As for Plaintiff's claim that the simultaneous federal filing fee debits violated the statute, the provision at issue provides:

> *After payment of the initial partial filing fee*, the prisoner shall be required to make *monthly payments of 20 percent of **the preceding month's income*** credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court *each time the amount in the account exceeds $10* until the filing fees are paid.

28 U.S.C. § 1915(e)(2) (emphases added). While the handwritten note indicates that the simultaneously withdrawn $60.00 was 20% of the June 5, 2017 $300.00 deposit (*see* DE 6 at 7), and without giving further interpretation to this Court's use of the phrase, "in subsequent months, or from time to time," (DE 4), it remains that the one-day account statement does not clarify for the Court the amount of "the preceding month's income" credited to Plaintiff's account. As such, Plaintiff may renew his request if and when he can convince the Court that the practice employed in this case violates Section 1915(e)(2).

**IT IS SO ORDERED.**

---

[1] Perhaps this is because there two page 3's in Plaintiff's motion. (*See* DE 6 at 4-5.)

Dated: July 5, 2017         s/Anthony P. Patti
                            Anthony P. Patti
                            UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent parties of record on July 5, 2017, electronically and/or by U.S .Mail.

                            s/Michael Williams
                            Case Manager for the
                            Honorable Anthony P. Patti