UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

           Case No. 2:17-cv-11627
   Plaintiff,     Judge George Caram Steeh
v.           Magistrate Judge Anthony P. Patti

O'BELL T. WINN, WILLIAM FOY,
NANNIE CULBERSON, THOMAS HAYNES,
KETURAH MORRIS, MARK CHALKER,
BRADLEY ODETTE, BOBBY KARL,
TONY GLYNN, BRIAN TROMBLEY, and
UNKNOWN SUPERVISORS OR GUARDS,

   Defendants.
_____/

## ORDER GRANTING AS UNOPPOSED PLAINTIFF'S JULY 12, 2018 MOTION TO COMPEL DISCOVERY AND TO ENFORCE A SUBPOENA (DE 35)

**A. Background**

Michael Kitchen (#189265) is currently incarcerated at the Michigan Department of Corrections (MDOC) Carson City Correctional Facility (DRF). (DE 29.) On May 19, 2017, while incarcerated at the Earnest C. Brooks Correctional Facility (LRF), Kitchen filed the instant lawsuit *in pro per* against ten (10) named defendants, each of whom is described as located at the Saginaw Correctional Facility (SRF). (DE 1 ¶¶ 5-7.) In addition, he lists as Defendants "Unknown Supervisors or Guards." (DE 1 ¶ 8.) Plaintiff's causes of action are

1

"retaliation," "retaliation, cruel & unusual punishment, & substantive due process . . . ," and "intentional infliction of emotional distress . . . ." (DE 1 at 15-18.)

Each of the 10 named defendants is represented by Michigan's Attorney General. (DE 11; *see also* DEs 13-22.) Judge Steeh has referred this case to me for all pretrial proceedings. (DE 7.)

### B. Prior Motion Practice

On August 2, 2017, Plaintiff served various Defendants with a first set of interrogatories, a first set of admissions, and a first request for the production of documents. (DE 26 at 15-23, 25; DE 35 at 5-13, 15.) On August 7, 2017, Plaintiff served Defendant O'Bell and/or SRF with a subpoena. (DE 26 at 28-35, DE 35 at 16-18.) Defense counsel responded with a letter dated September 6, 2017. (DE 26 at 27, DE 35 at 19.)

On the same date, defendants filed both a motion for summary judgment and a motion for protective order. (DEs 25, 26.) On April 20, 2018, I entered a report, which recommended that the Court deny Defendants' motion for summary judgment to the extent it sought dismissal on the basis of failure to exhaust but grant the motion to the extent it sought dismissal of Plaintiff's claims for money damages against defendants in their official capacities. (DE 31 at 18.) At the same time, I entered an order granting Defendants' motion for a protective order. (DE 32.) My order specifically noted that "[t]he stay of discovery w[ould]

automatically lift once the Court issues its ruling." (DE 32 at 2.) On May 22, 2018, the Court accepted my report and recommendation and granted in part and denied in part Defendants' motion for summary judgment. (DE 31, DE 33.) Specifically, the Court dismissed Plaintiff's claims for money damages against defendants in their official capacities. (DE 33 at 2.)

### C. Instant Matter

On July 6, 2018, approximately 45 days after the stay of discovery was automatically lifted, the Court entered an order for substitution of defense counsel. (DE 34.) Currently before the Court is Plaintiff's July 12, 2018 motion to compel discovery and to enforce a subpoena, which was filed 6 days after current counsel was substituted into this case. (DE 35.)

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). "A response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B). Thus, Defendants' response to Plaintiff's July 12, 2018 motion to compel was due on or about June 29, 2018. *See* Fed. R. Civ. P. 6(d). To date, Defendants have not filed a response to the instant motion.

### D. Order

Accordingly, Plaintiff's July 12, 2018 motion to compel discovery and to enforce a subpoena is **GRANTED** as unopposed. No later than **Tuesday,**

**September 18, 2018**, Defendants **SHALL** serve Plaintiff with responses to Plaintiff's first set of interrogatories, first set of admissions, and first request for the production of documents, and Defendant O'Bell (and/or SRF) **SHALL** produce documents in accordance with the aforementioned subpoena. Given the amount of time these discovery requests and this motion have been pending, Defendants' apparent failure to respond to the requests once the stay was automatically lifted on May 22, 2018, and Defendants' failure to respond to the instant motion, any objections that were not served in response to these requests within the applicable deadlines established under Fed. R. Civ. P. 33, 34, 36, and 45 are deemed waived. In sum, approximately 51 days passed between the automatic lift of the stay of discovery and Plaintiff's filing of the instant motion; therefore, Defendants and/or the MDOC shall not now respond with objections to the discovery requests and/or the subpoena. Moreover, while the Court is permitting an extension of the time within which to respond to the requests for admission, *see* Fed. R. Civ. P. 36(a)(3), such responses must <u>strictly comply with Fed. R. Civ. P. 36(a)(4)</u>. A failure to do so within the deadline provided in this Order will result in the requests being deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

Dated: September 4, 2018    s/*Anthony P. Patti*
                                                    Anthony P. Patti
                                                    UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 4, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
