UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

            Plaintiff,

v.

O'BELL T. WINN, WILLIAM FOY,
NANNIE CULBERSON, THOMAS HAYNES,
KETURAH MORRIS, MARK CHALKER,
BRADLEY ODETTE, BOBBY KARL,
TONY GLYNN, BRIAN TROMBLEY, and
UNKNOWN SUPERVISORS OR GUARDS,

            Defendants.
_____/

Case No. 2:17-cv-11627
Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S NOVEMBER 6, 2018 MOTION (DE 38) and GRANTING PLAINTIFF'S DECEMBER 13, 2018 MOTION (DE 41)

**I. OPINION**

    **A. Background**

Michael Kitchen is currently incarcerated at the MDOC's Carson City Correctional Facility (DRF). *See* www.michigan.gov/corrections. On May 19, 2017, while incarcerated at the Earnest C. Brooks Correctional Facility (LRF), Plaintiff filed this lawsuit against ten named Defendants, each of whom is described as an employee of the Saginaw Correctional Facility (SRF) and

represented by the Attorney General's Office. (DEs 1, 11.) Judge Steeh has referred this case to me for all pretrial proceedings.

B.     **Discovery and Dispositive Motion Practice**

It appears that, during August *2017*, Plaintiff served several discovery requests, including: **(1)** his first set of interrogatories (DE 35 at 5-7); **(2)** his first set of admissions (DE 35 at 8-13); **(3)** his first request for the production of documents (DE 35 at 15); and, **(4)** a subpoena to Defendant Winn and/or SRF, which provided a due date of September 10, 2017 (DE 35 at 16-18). Defendant Winn responded to the subpoena by way of a letter dated September 6, 2017. (DE 35 at 19.) At the same time, Defendants filed both a motion for summary judgment (DE 25) and a motion for protective order (DE 26).

On April 20, 2018, I entered an order granting Defendants' motion for protective order, staying discovery pending this Court's ruling upon Defendant's motion for summary judgment (DE 25), and providing that the stay of discovery would automatically lift once the Court issues its ruling. (DE 32 at 2.) My report and recommendation (R&R) of the same date recommended that the Court deny Defendants' motion for summary judgment to the extent it seeks dismissal on the basis of failure to exhaust, but grant the motion to the extent it seeks dismissal of Plaintiff's claims for money damages against defendants in their official capacities. (DE 31 at 18.)

On May 22, 2018, the Court accepted my R&R, granted in part and denied in part Defendants' motion for summary judgment, and dismissed Plaintiff's claims for money damages against Defendants in their official capacities. (DE 33.) Thus, the stay of discovery was automatically lifted on that date, and the clock for answering or responding to any outstanding discovery requests began to run.

### C. Plaintiff's First Motion to Compel and the Court's Order Setting Deadlines

On July 12, 2018, Plaintiff filed a motion to compel discovery and to enforce a subpoena. (DE 35.) On September 4, 2018, I entered an order granting Plaintiff's motion as unopposed. (DE 36.) Among other things, the order provided:

> No later than **Tuesday, September 18, 2018**, Defendants **SHALL** serve Plaintiff with responses to Plaintiff's first set of interrogatories, first set of admissions, and first request for the production of documents, and Defendant O'Bell (and/or SRF) **SHALL** produce documents in accordance with the aforementioned subpoena. Given the amount of time these discovery requests and this motion have been pending, Defendants' apparent failure to respond to the requests once the stay was automatically lifted on May 22, 2018, and Defendants' failure to respond to the instant motion, *any objections that were not served in response to these requests within the applicable deadlines established under Fed. R. Civ. P. 33, 34, 36, and 45 are deemed waived*.

(DE 36 at 3-4 (boldface in original, italics added).) Then, on September 11, 2018, I entered an order setting the Discovery Deadline for November 6, 2018 and the Dispositive Motion Cutoff for December 6, 2018. (DE 37.)

### D. Pending Matters

Currently pending before the Court are some matters related to discovery and case management deadlines. The first pending matter is Plaintiff's November 6, 2018 motion to compel discovery, to extend discovery cut-off & to permit motion for sanctions (DE 38), regarding which Defendants have filed a response (DE 39), and Plaintiff has filed a reply (DE 42).

Meanwhile, Defendants filed a December 3, 2018 motion for extension of time to file motion for summary judgment (DE 40), which the Court granted by way of a December 4, 2018 text-only order, a copy of which was served upon Plaintiff at DRF.  <u>Specifically, the discovery deadline was extended to Monday, January 7, 2019, and the dispositive motion deadline was extended to Wednesday, February 6, 2019</u>.

The second pending matter is Plaintiff's December 13, 2018 motion to extend dispositive motion cut-off date to "120 days from the date that this Court decides this motion[.]"  (DE 41.)

### E.   Plaintiff's motion to compel discovery (DE 38 at 7-13)

Plaintiff asks this Court to "require the Defendants to respond to discovery requests," and to "comply with the Court's [September 4, 2018] discovery order [DE 36][.]"  (DE 38 at 1.)  He also seeks to "enforce a subpoena," and obtain answers/responses to his September 28, 2018 discovery requests.  (DE 38 at 6.)

4

Defendants admit that they "mistakenly missed deadlines for early discovery requests and responding to Plaintiff's July 12, 2018, Motion to Compel (DE 35) . . . ." (DE 39 at 3.) However, they also claim that, since August 2018, "Defendants have complied with all discovery requests sent from Plaintiff." (*Id.*; *see also* DE 39 at 13.)

### 1. Defendant Winn's and/or SRF's failure to produce requested documents & respond to subpoena

The first part of Plaintiff's motion to compel concerns: **(i)** his August 2, 2017 first request for the production of documents (DE 38 at 17-18); **(ii)** Defendants Morris and Winn's August 17, 2018 responses thereto (DE 38 at 19-22); **(iii)** the August 7, 2017 subpoena issued to Warden O'Bell Winn and/or SRF – which provided a due date of September 10, 2017 – and Defendant Winn's August 17, 2018 response and objections (DE 38 at 38-44); **(iv)** Defendant Morris's August 17, 2018 response and objections to Plaintiff's July 23, 2018 subpoena (DE 38 at 45-47; *see also* DE 39-3); and, **(v)** Defendant Winn's September 18, 2018 amended response and objections to Plaintiff's subpoena (DE 38 at 48-50; *see also* DE 39-2). (*See* DE 38 at 7-9).

#### a. The Court will acknowledge the August 17, 2018 objections.

The Court acknowledges Defendants' argument that, because their August 17, 2018 discovery responses pre-date the Court's September 4, 2018 order, their

objections were not "deemed waived" by the subsequent order granting Plaintiff's motion to compel as unopposed (DE 36). (DE 39 at 4-5.) However, as Plaintiff points out, the Court's September 4, 2018 order deemed waived "any objections that were not served in response to these requests *within the applicable deadlines established under Fed. R. Civ. P. 33, 34, 36, and 45 . . .[,]*" (DE 36 at 4). (*See* DE 42 at 2 (emphasis added).) If the stay of discovery automatically lifted on May 22, 2018, then Plaintiff could reasonably have expected Defendants' outstanding discovery responses on or about June 21, 2018. Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served . . . ."). The responses at issue here are dated August 17, 2018, which is **(i)** fifty-seven days after they could reasonably have been expected; and, **(ii)** over a year after the requests dated August 2017 appear to have been served.

Nonetheless, even if the objections asserted on August 17, 2018 were untimely *at that point*, the Court's September 4, 2018 order provided: "approximately 51 days passed between the automatic lift of the stay of discovery and Plaintiff's [July 12, 2018] filing of the instant motion; therefore, Defendants and/or the MDOC *shall not now respond with objections* to the discovery requests and/or the subpoena." (DE 36 at 4 (emphasis added).) Accordingly, the Court will not retroactively apply its September 4, 2018 order to negate objections lodged on August 17, 2018, even if they were lodged in the wake of Plaintiff's July 12, 2018

6

motion to compel.  In their response to the instant motion, Defendants admit to "mistakenly missed deadlines for early discovery requests . . . [,]" (DE 39 at 3), and, the August 17, 2018 responses and/or objections were served without this Court's intervention.

In sum, the Court recognizes that Plaintiff's initial motion to compel was filed on July 12, 2018 (DE 35), certain Defendants provided responses and/or objections on August 17, 2018, and, Defendants not having filed a response to that motion to compel, the Court entered its September 4, 2018 order granting the motion as unopposed (DE 36).  The Court further recognizes that, in a technical sense, Defendants waived any objections lodged on August 17, 2018, not because of the Court's forthcoming order but because the objections would have been tardy under Fed. Rules Civ. P. 33(b)(2), 34(b)(2)(A).  Nonetheless, the Court will acknowledge these tardy objections, as it understands the calendar confusion that may have taken place in light of the Court-imposed "self-executing or automatic" lift of the stay of discovery.  In other words, what appears to be Defendants' inadvertent failure to keep track of their discovery response deadlines is understandable and excused by the Court.

### b. The requests at issue

The  Court will issue a ruling on those items specifically discussed in Plaintiff's December 13, 2018 reply.  (*See* DE 42 at 2-5.)  First, Plaintiff takes

issue with Defendant Winn's (and Morris's) August 17, 2018 response via counsel – "Please see attached documents." – to Plaintiff's August 2, 2017 first request for production of documents No. 1 (DE 38 at 18, 21). According to Defendants, they "provided all *relevant* requested grievances and documents, responsive to his requests[,]" and "provided Plaintiff with all grievances, kites, or documents responsive to his request *which involved Defendant Morris and Plaintiff*." (DE 39 at 4-5 (emphases added); *see also* DE 39 at 7.) However, their November 19, 2018 response brief also raises overbreadth and relevance objections to this request. (DE 39 at 4-5.) Plaintiff points out that this "current objection" is untimely under Fed. R. Civ. P. 34(b)(2)(A) and should, therefore, be considered waived. (DE 42 at 2-3). <u>The Court agrees</u>. To the extent Defendants' November 19, 2018 response maintains that Plaintiff's August 2, 2017 request for production of documents No. 1 directed to Defendants Winn and Morris is overly broad and irrelevant (DE 38 at 18, DE 39 at 4-5, 7), these objections are tardy.[1]  As the Court reads Defendants'

---

[1] This ruling would not apply to Defendant Morris's August 17, 2018 response and objections to Plaintiff's July 23, 2018 subpoena, as it registered overly broad and relevance objections.  (*See* DE 38 at 45-47; *see also* DE 39-3.)  Additionally, given Plaintiff's representation that his July 23, 2018 deposition subpoena "is the same request in the August 2, 2017 Rule 34 Request for Documents directed at Defendant Morris[,]" (DE 42 at 5), it would be illogical for this Court to honor Morris's August 17, 2018 overbreadth and relevance objections as to the earlier-served July 23, 2018 subpoena request (DE 39-3) but deny such objections as to the later-served August 2, 2017 request for production.

8

November 19, 2018 response, Morris and Winn provided what documents *they thought* were relevant. (*See* DE 39 at 4-5). Plaintiff's August 2, 2017 request for production of documents No. 1 sought certain matters submitted "against Defendant Morris" for a more than 4-year period. (DE 38 at 18.) Defendants Morris and Winn responded on August 17, 2018 – without objection - by referring to "attached documents." (DE 38 at 21.) Defendants may not, in their November 19, 2018 response, explain that they (or, Morris and Winn) provided only matters "which involved Defendant Morris and Plaintiff[,]" (DE 39 at 5) and expect the Court to honor the tardy overbreadth and relevance objections. Defendants (or, Winn and Morris) must answer this discovery request *as phrased* and no later than February 4, 2019.[2]

Second, Plaintiff takes issue with Defendant Winn's August 17, 2018 response and objections, via counsel, to Plaintiff's August 7, 2017 subpoena to Defendant Winn and/or SRF (DE 38 at 38-44). (*See* DE 42 at 3-4.) As noted above, Defendant Winn's counsel initially responded to the subpoena by way of a letter dated September 6, 2017, which, in part, informed Plaintiff that "the proper way to pursue documents from a party in a litigation is through the discovery

---

[2] To clarify, for the reasons set forth above, Plaintiff's tardy August 2018 objections have been excused by the Court. Here, where *no objection* was lodged within the August 2018 discovery response, the Court draws the line with objections made for the first time in Plaintiff's November 2018 response brief.

9

process as governed by the Federal Rules of Civil Procedure." (DE 35 at 19.)[3]
Then, Winn's counsel served both Winn's August 17, 2018 written response and objections (DE 38 at 43-44) and, later, a September 18, 2018 amended response and objections (DE 38 at 48-50), which Defendants claim was done "in a show of good faith, . . . to comply with the Court's [September 4, 2018] Order." (DE 39 at 7.). In most cases, the response was "No documents responsive to this request exist within Defendant's custody or control." (DE 38 at 43-44, 49-50.) To the extent Plaintiff claims that Defendant Winn's August 17, 2018 objections were deemed waived by this Court's September 4, 2018 order (*see* DE 42 at 4), the Court has explained above that it will not retroactively apply its September 4, 2018 order to negate objections lodged on August 17, 2018. Moreover, to the extent Plaintiff challenges the truthfulness of these responses, the Court declines Plaintiff's appeal "to review the requests." (DE 42 at 4.)

Third, Plaintiff takes issue with Defendant Morris's August 17, 2018 response and objections to Plaintiff's July 23, 2018 subpoena (DE 38 at 45-47, DE 39-3). (*See* DE 42 at 4-5.) Construing the July 23, 2018 "subpoena to testify at a deposition in a civil action" as a request for production to Defendant Morris (*see*

---

[3] Plaintiff claims that there are similarities between the two subpoenas. And, he further explains that the July 23, 2018 deposition notice, which was addressed to *Morris*, was filed in response to Defendant *Winn*'s "refusal to respond to the August 7th Subpoena." Nonetheless, the Court is perplexed by the import of Plaintiff's claimed differences between the two subpoenas. (*See* DE 42 at 3-4.)

DE 39-3 at 2), any response would have been due on or about August 22, 2018 under Fed. R. Civ. P. 34(b)(2)(A), rather than August 6, 2018 under Fed. R. Civ. P. 45(d)(2)(B). Thus, as they related to the subpoena to Odette, the corresponding response and objections are timely.

### 2. September 2018 discovery requests

The second part of Plaintiff's motion to compel mentions several items,[4] but its focus is: **(i)** Defendants Winn and Morris's apparent October 23, 2018 response to Plaintiff's September 28, 2018 second request to produce documents (DE 38 at 51-57); and **(ii)** Defendants Glynn, Trombley, Winn, Morris and Odette's October 2018 responses to Plaintiff's second set of interrogatories (DE 38 at 74-98). (*See* DE 38 at 9-13).

The Court will issue a ruling on those items specifically discussed in Plaintiff's December 13, 2018 reply. (*See* DE 42 at 5-7.) First, Plaintiff's second request for production of documents No. 3 sought production of materials "depicting the source of the information known to Defendants . . . which triggered the strip and/or so-called cell search against Plaintiff . . ." on December 26, 2016

---

[4] *See* **(i)** Defendants Odette and Karl's January 2017 memoranda about the events of December 26, 2016 (DE 38 at 99-100, DE 38-1 at 1-2), which Plaintiff seemingly claims were produced in response to his August 2, 2017 first request for the production of documents (DE 38 at 17-18); **(ii)** the August 6, 2018 deposition transcripts of Defendant Winn and Keturah (Morris) Taylor (DE 38 at 23-31, 32-37); and, **(iii)** Defendants Glynn, Trombley, Odette, Karl's August 13-14, 2018 responses to Plaintiff's first set of interrogatories (DE 38 at 58-73).

11

and January 17, 2017. Via counsel, Defendants Winn and Morris responded "None." (DE 38 at 54-55.) In response to the instant motion, Defendants claim that they provided "good-faith responses . . . ." (DE 39 at 9.) In the Court's opinion, the response provided is a reasonable response to a *document request*, as the requested materials either do or do not exist. Accordingly, the Court declines to require Defendants "to release the information identifying the source which triggered the purported cell and strip searches." (DE 42 at 6.)

Second, Plaintiff's second set of interrogatories asked Winn and Morris five questions each about their YMCA memberships. Winn and Morris objected on the basis of relevance and/or that it assumes knowledge. (DE 38 at 84-85, 90-91.) In response to the instant motion, Defendants claim that "inquiries into the personal lives of Defendants Winn and Morris are absurdly improper and irrelevant requests." (DE 39 at 9.) Here, even if Plaintiff "seeks the information in order to explore whether any witnesses over heard either Defendant discussing Kitchen and the allegations underlying this lawsuit[,]" (DE 42 at 6), the Undersigned concludes that information about Defendants Winn and Morris's YMCA memberships does not meet Fed. R. Civ. P. 26(b)(1)'s permissible scope of discovery for Plaintiff lawsuit against SRF prison officials. (DE 1 ¶¶ 5-8, DE 42 at 1.)

Third, Plaintiff takes issue with Defendant Odette's responses to second interrogatory Nos. 3 and 4. (DE 42 at 6-7.) The Court has reviewed these

12

interrogatories and the respective responses (DE 38 at 95-96), as well as Defendants' related response to the instant motion (DE 39 at 10-11).  Upon consideration, Defendant Odette shall supplement his answer to interrogatory No. 3 ("I was instructed by my supervisor to search him.") with "the name and current location of the staff member . . . [,]" (DE 38 at 96), and need only provide the current location if the staff member is still employed by the MDOC.  As for interrogatory No. 4, which references Odette's January 4, 2017 memorandum (DE 38 at 100) and basically asks whether Defendant Odette's December 26, 2016 receipt of permission to conduct a strip search *was preceded by* his own contact of the control center or the control center contacting him, Defendant Odette answered, "No."  (DE 38 at 96.)  According to Defendants, "Plaintiff has not considered that Defendant Odette could have found out about Plaintiff's contraband on his own, for example[,]" and they maintain that Defendant Odette's memorandum "does not contradict his response[.]"  (DE 39 at 10.)  Still, Plaintiff "seeks to know how that permission was obtained."  (DE 42 at 7.)  Rather than parsing the complicated wording of Plaintiff's interrogatory as drafted and determining whether Defendant Odette's answer is complete, Plaintiff has leave to serve Defendant Odette with a newly drafted interrogatory on this subject.

  **F.**  **Plaintiff's motion to extend the discovery cut-off (DE 38 at 13-14)**

Plaintiff's November 6, 2018 motion seeks an extension of the then-November 6, 2018 discovery deadline. (DE 38 at 1, 6, 16.) Plaintiff seeks "another 90 days" to complete discovery and identify "any other persons involved in the claims underlying this lawsuit[.]" (DE 38 at 13-14.) In support of this request, Plaintiff cites: **(a)** a grievance against Russell Vittow that was initiated in August / September 2018 (DE 38-1 at 3-5); **(b)** December 2016 and January 2017 SRF forms documenting "non-routine unclothed prisoner search[es]" (DE 38-1 at 6-9); and, **(c)** an April 1, 2017 e-mail (DE 38-1 at 10-11).

Defendants oppose this request, arguing, *inter alia*, that: **(a)** Plaintiff would need "the opposing party's written consent or the court's leave[,]" Fed. R. Civ. P. 15(a)(2), in order to amend his complaint; **(b)** Plaintiff has not complied with E.D. Mich. LR 7.1(a)'s concurrence requirement as to the request for an extension of discovery; and, **(c)** Plaintiff's request for an extension of discovery should be filed separately from his motion to compel. (DE 39 at 11-12.)

However, as noted above, the Court's December 4, 2018 text-only order extended the discovery deadline to Monday, January 7, 2019. Although Plaintiff has since submitted a reply – dated December 6, 2018 and filed on December 13, 2018 – in which he comments upon Defendants' arguments and renews his "request to extend the discovery cut-off date[,]" (DE 42 at 7-8), the Court assumes that its December 4, 2018 order crossed paths with Plaintiff's request.

Nonetheless, the Court will grant Plaintiff's request as posed at the time of filing and extend the discovery deadline to Monday, February 4, 2019. The Court does not construe Plaintiff's request as one seeking leave to amend the complaint, and, at this late stage of the proceedings, would be unlikely to grant one.

### G. Plaintiff's motion to permit motion for sanctions (DE 38 at 14-15)

Plaintiff asks this Court "to permit a motion to impose sanctions against the Defendants," for "the flagrant violations of the Court's order, in addition to winning the first [July 12, 2018] motion to compel[.]" (DE 38 at 1, 6, 16.) Plaintiff contends that Defendants "are not cooperating in discovery," for example, by violating the Court's September 4, 2018 order (DE 36) or filing false or misleading memoranda from C/O Odette (DE 38 at 100) and C/O Karl (DE 38-1 at 2). Plaintiff claims he has attempted to resolve his discovery dispute with defense counsel, specifically citing his June 4, August 27, September 12, and September 28, 2018 letters. (DE 38 at 14.)[5]

Defendants claim that Plaintiff's August 27th and September 12th letters "were not an effort to resolve discovery issues," but, rather, "an attempt to threaten and bully Defense counsel into a settlement agreement." (DE 39 at 12, DE 39-4 at 2, DE 39-5 at 2.) Defendants maintain that they have responded to all of Plaintiff's

---

[5] Plaintiff's letters dated August 27, 2018 and September 12, 2018 are attached to Defendants' response. (DEs 39-4, 39-5.)

discovery requests but that Plaintiff "is simply unhappy with the responses . . . ." (DE 39 at 13.)

Plaintiff appears to seek leave to file a motion for sanctions under Fed. R. Civ. P. 37, and he claims that he "has done more than enough to resolve both the discovery dispute and this lawsuit prior to seeking sanctions . . . ." (DE 38 at 15, DE 42 at 9.) However, Plaintiff need not request this Court's permission to seek sanctions under Fed. R. Civ. P. 37. He need only file a motion specifying the relief he seeks, for example, any of the sanctions permitted by Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). Accordingly, the portion of his motion seeking leave is denied as unnecessary.

### H. Plaintiff's December 13, 2018 motion to extend the dispositive motion cut-off date (DE 41)

On September 11, 2018, the dispositive motion cut-off was *December 6, 2018*. (DE 37.) Pursuant to the December 4, 2018 text-only order, the dispositive motion deadline was extended to February 6, 2019. In Plaintiff's motion – dated *December 6, 2018* and filed on December 13, 2018 – he seeks to extend the dispositive motion cut-off date, because of, *inter alia*, "pending discovery motions" and "anticipated amendments to the complaint[.]" (DE 41 at 1.)

Specifically, he requests that the Court extend the December 6, 2018 deadline by "120 days from the date that this Court decides this motion," due to: **(1)** his pending November 6, 2018 "motion to compel discovery, to extend

16

discovery cut-off & to permit motion for sanctions" (DE 38), following which he hopes "to determine the feasibility of a dispositive motion[;]" and, **(2)** his effort to "uncover[] the identity of other prison officials so that he can amend the complaint to add them as defendants." (DE 41 at 2-3.) Upon consideration, Plaintiff's motion is granted, but the Court will only provide a reasonable extension of the dispositive motion deadline, namely to thirty (30) days after the close of discovery, *i.e.*, Wednesday, March 6, 2019. Again, at or near the close of discovery, the Court is unlikely to grant leave to amend the complaint to add new parties.

## II. ORDER

Upon consideration, Plaintiff's November 6, 2018 motion (DE 38) is **GRANTED IN PART** and **DENIED IN PART**. In sum,

- Plaintiff's motion to compel discovery (DE 38 at 7-13) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' November 19, 2018 overbroad and relevance objections (to Plaintiff's August 2, 2017 request for production of documents No. 1 directed to Defendants Winn and Morris) are tardy. Defendants (or, Winn and Morris) must serve a response to this request, as phrased, no later than **February 4, 2019**. As to the September 2018 requests, Defendant Odette shall supplement his answer to second interrogatory No. 3 no later than **February 4, 2019**, and Plaintiff may serve Defendant Odette with a newly drafted second interrogatory No. 4 no later than **February 4, 2019 (and Defendant Odette will be required to respond within the time set by Fed. R. Civ. P. 33(b)(2)**.

- Plaintiff's motion to extend the discovery cut-off (DE 38 at 13-14), as posed at the time of filing, is **GRANTED** and the discovery deadline is extended to **Monday, February 4, 2019**.

17

- Plaintiff's motion to permit motion for sanctions (DE 38 at 14-15) is **DENIED** as unnecessary.

Finally, Plaintiff's December 13, 2018 motion to extend the dispositive motion cut-off date (DE 41) is **GRANTED**, but the dispositive motion deadline is only extended to **Wednesday, March 6, 2019**.

**IT IS SO ORDERED.**

Dated: January 18, 2019

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 18, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti