UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

    Plaintiff,                                         Case No. 17-11627

v.                                                    HON. GEORGE CARAM STEEH

O'BELL T. WINN, *et al.*,

    Defendants.
_____/

ORDER OVERRULING PLAINTIFF'S OBJECTIONS
(DOC. 46) TO MAGISTRATE JUDGE'S PRE-TRIAL ORDER

On February 6, 2019, Plaintiff filed objections to Magistrate Judge Anthony P. Patti's January 18, 2019 order granting in part and denying in part his discovery motion. *See* Doc. 44. Plaintiff objects on four grounds.

First, Plaintiff contends that the magistrate judge erred by accepting Defendants' late objections to his discovery requests. The magistrate judge acknowledged the tardy objections, because he understood "the calendar confusion that may have taken place in light of the Court-imposed 'self-executing or automatic' lift of the stay of discovery." Doc. 44 at 7.

Second, Plaintiff argues that Magistrate Judge Patti should not have accepted Defendant Winn's objections to Plaintiff's August 7, 2017 subpoena, which he argues were tardy. Plaintiff also challenges Defendant

- 1 -

Winn's answer -- that no responsive documents exist – as untruthful.

Third, Plaintiff seeks documents indicating the "source" of information which triggered the searches of his person and cell. Defendants responded that no such documents exist, a response the magistrate judge characterized as "reasonable." Plaintiff objects based upon his belief that the source that triggered the searches "has to be documented somewhere." Doc. 46 at 5.

Fourth, Plaintiff objects to the magistrate judge's refusal to compel Defendants Winn and Morris to answer interrogatories about their YMCA memberships. Plaintiff argues that the questions could "lead to witnesses who overheard [the Defendants] discussing Kitchen and the claims underlying this lawsuit." *Id.* at 6. The magistrate judge ruled that this information was not within Fed. R. Civ. P. 26(b)(1)'s "permissible scope of discovery." Doc. 44 at 12.

The court may modify or set aside any portion of a magistrate judge's non-dispositive order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470

U.S. 564, 573 (1985) (citation omitted).  The court may not disturb the magistrate's factual findings "even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.*  The court allows the magistrate's legal conclusions to stand unless they are "contrary to law." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) *aff'd*, 19 F.3d 1432 (6th Cir. 1994).  A legal conclusion is "contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Cratty v. City of Allen Park*, No. 17-11724, 2018 WL 3983806, at *1 (E.D. Mich. June 14, 2018) (citation omitted).  In ruling on a discovery dispute, "a magistrate judge is entitled to the same broad discretion as a district judge and [his] order is overruled only upon a finding of an abuse of discretion." *Id.*

Although Plaintiff disagrees with the magistrate judge's ruling, he has not demonstrated that it was clearly erroneous or contrary to law.  Each of the magistrate judge's determinations was within his sound discretion.  After reviewing the record, the court finds that the magistrate judge did not abuse his discretion by accepting Defendants' late objections or Defendants' representations that certain documents do not exist.  Nor did the magistrate judge err in finding that Plaintiff's interrogatories regarding Defendants' YMCA memberships were outside the proper scope of

discovery.  Plaintiff's contention that these requests could lead to witnesses who overheard Defendants Winn and Morris discussing Plaintiff is based on speculation and is not reasonably calculated to lead to the discovery of admissible evidence. *See generally Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (the court has the discretion to balance a party's "right to discovery with the need to prevent 'fishing expeditions'").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's objections (Doc. 46) to Magistrate Judge Patti's order (Doc. 44) are OVERRULED.

Dated:  March 7, 2019

                          s/George Caram Steeh
                          GEORGE CARAM STEEH
                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 7, 2019, by electronic and/or ordinary mail and also on Michael Kitchen #189265, Michigan Reformatory, 1342 West Main Street, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk

- 4 -