UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

                      Plaintiff,

v.

O'BELL T. WINN, WILLIAM FOY,
NANNIE CULBERSON, THOMAS HAYNES,
KETURAH MORRIS, MARK CHALKER,
BRADLEY ODETTE, BOBBY KARL,
TONY GLYNN, BRIAN TROMBLEY, and
UNKNOWN SUPERVISORS OR GUARDS,

                      Defendants.
_____/

Case No. 2:17-cv-11627
Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## **REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS (DE 52) and DENY DEFENDANTS' MOTION FOR ENLARGMENT OF TIME TO FILE A RESPONSE AS MOOT (DE 53)**

**I.    RECOMMENDATION:** The Court should deny without prejudice Plaintiff's March 13, 2019 motion for summary judgment against all Defendants (DE 52) and should also deny Defendants' related March 18, 2019 motion for enlargement of time to file a response (DE 53).

**II.   REPORT:**

Plaintiff initiated this lawsuit on May 19, 2017, at which point he named 10 Defendants and "Unknown Supervisors or Guards." On January 25, 2019, Plaintiff filed a motion to amend his complaint, attached to which was a proposed amended complaint that named 18 Defendants. (DE 45.)

On April 8, 2019, by way of a lengthy order, the Court granted the motion as to proposed Defendants Massick, Huizar, Rozier, Vittitow, Close and Wendt, but denied the motion as to proposed Defendants Biddle and Smith. (DE 57 at 23.) In addition, the order set a deadline for Plaintiff to file his amended complaint, further providing that:

> . . . before doing so he should ensure that the amended complaint: **(a)** complies with Fed. R. Civ. P. 10(a); **(b)** lists Defendant Karl within the paragraphs identifying the parties; and, **(c)** makes clear which causes of action are brought against Defendants Huizar and Rozier. Moreover, Plaintiff is reminded that a defendant cannot be liable under 42 U.S.C. § 1983 where his "only role[] . . . involve[s] the denial of administrative grievances or the failure to act[.]" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

(*Id.*) Moreover, the order provided a brief extension of the now-passed February 4, 2019 discovery deadline to Tuesday, June 25, 2019, but only for discovery concerning the six newly named Defendants, and, for all parties, the dispositive motion deadline was extended to Thursday, July 25, 2019. (DE 57 at 24.)

Among the motions currently pending before the Court is Plaintiff's March 13, 2019 motion for summary judgment against all Defendants, which assumes that Plaintiff's January 25, 2019 motion to amend will be granted and, therefore, appears to be based upon the January 25, 2019 proposed first amended complaint. (DE 52 at 6, DE 45-1.) Given that Plaintiff's motion to amend was granted in part *and denied in part*, and given the anticipated, forthcoming first amended complaint, Plaintiff's motion for summary judgment (DE 52) should be denied without prejudice to renewal once Plaintiff timely files a first amended complaint that complies with the Court's aforementioned directions. Likewise, Defendants' related motion for an extension (DE 53) should be denied as moot.

## III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d

505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(3). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 10, 2019s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 10, 2019, electronically and/or by U.S. Mail.

            s/Michael Williams
            Case Manager for the
            Honorable Anthony P. Patti