UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

                Plaintiff,

v.

O'BELL T. WINN, WILLIAM FOY,
NANNIE CULBERSON, THOMAS HAYNES,
KETURAH MORRIS, MARK CHALKER,
BRADLEY ODETTE, BOBBY KARL,
TONY GLYNN, BRIAN TROMBLEY, and
UNKNOWN SUPERVISORS OR GUARDS,

                Defendants.
_____/

Case No. 2:17-cv-11627
Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER DEEMING WITHDRAWN IN PART AND DENYING IN PART PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY AND TO IMPOSE SANCTIONS AGAINST DEFENDANT ODETTE (DE 51) and GRANTING PLAINTIFF'S MOTION TO WITHDRAW PORTIONS OF THE MOTION TO COMPEL (DE 55)**

**I.  OPINION**

    **A.  Background**

Michael Kitchen is currently incarcerated at the MDOC's Michigan Reformatory (RMI) in Ionia, Michigan.[1] On May 19, 2017, while incarcerated at the Earnest C. Brooks Correctional Facility (LRF), Plaintiff filed this lawsuit

---

[1] *See* www.michigan.gov/corrections, "Offender Search," last visited Apr. 11, 2019.

1

against ten named Defendants, each of whom is described as an employee of the Saginaw Correctional Facility (SRF) and represented by the Attorney General's Office. (DEs 1, 11.) Recently, Plaintiff was granted permission to file an amended complaint no later than Thursday, April 25, 2019, subject to certain guidance. (DE 57.)

Judge Steeh has referred this case to me for all pretrial proceedings. Among other things, I have already entered orders regarding Plaintiff's first two motions to compel, one on September 4, 2019 and another on January 18, 2019. (*See* DEs 36, 44.)

### B. Plaintiff's pending, third motion to compel

Plaintiff claims to have "filed" (presumably "served") a third set of discovery requests, presumably on January 24, 2019. (DE 51 at 2.) The February 4, 2019 discovery deadline has now passed. (DE 44 at 17.)[2]

Defendant Odette's and Defendant Morris's responses to Plaintiff's third set of interrogatories are dated February 8, 2019 and February 12, 2019, respectively. (DE 51 at 16-19, 11-14.) Defendants also provided a response to Plaintiff's third request for production of documents or electronically stored information (ESI); however, the copy attached to the instant motion is not dated. (DE 51 at 21-23.)

---

[2] The subsequent extension of the discovery deadline to June 25, 2019 was "only for discovery concerning the six newly named Defendants[.]" (DE 58 at 3.)

In any event, the parties seem to agree that Defendants responded on February 19, 2019. (DE 51 at 2; DE 54 at 3.)

Meanwhile, from February 7, 2019 to March 8, 2019, the parties exchanged correspondence. (DE 51 at 25-26, 28; DEs 54-2, 54-3, 54-5, 54-5, 54-6.) Currently before the Court is Plaintiff's March 11, 2019 third motion to compel discovery and to impose sanctions against Defendant Odette, whereby Plaintiff requests an order requiring: **(1)** Defendant Morris to respond to Interrogatory No. 4; **(2)** Defendant Odette to respond to Interrogatory Nos. 3 and 4; and, **(3)** Defendants to respond to Plaintiff's document request(s). (DE 51.) According to Plaintiff, Defendants Odette and Morris "failed to completely respond to questions posed at them," and they "failed to completely provide requested information." (DE 51 at 2.)[3]

On March 13, 2019, Carolle Walker, an SRF administrative assistant, signed an affidavit regarding grievance retention and searchability and Defendant Odette signed a supplemental response to Interrogatory No. 7. (DE 54-9, DE 54-7 at 4-5.)

---

[3] My January 18, 2019 order permitted Plaintiff to "serve Defendant Odette with a newly drafted second interrogatory No. 4 no later than **February 4, 2019 . . . [,]**" and provided that **"Defendant Odette w[ould] be required to respond within the time set by Fed. R. Civ. P. 33(b)(2)."** (DE 44 at 17 (emphasis in original).) Thus, the timing of Plaintiff's third set of interrogatories is understandable, even though they were served just prior to the February 4, 2019 close of discovery, as is the timing of responses thereto. Moreover, if the responses were dated February 19, 2019, the timing of the instant motion filed 20 days thereafter, on March 11, 2019, is also understandable.

3

Defendants' supplemental response to Plaintiff's third request for production of documents or ESI is dated the same day. (DE 54-7 at 8-9.)

Defendants filed a response to the instant motion on March 19, 2019. (DE 54.) Among the attachments to this motion are: **(a)** a March 19, 2019 letter, which in part explains that Odette's omission of a response to Interrogatory No. 3 was an accident and would be supplemented (DE 54-7 at 2-3); **(b)** Defendant Odette's unsigned March 19, 2019 supplemental response to Interrogatory No. 3 (DE 54-7 at 6-7); and **(c)** Morris's March 19, 2019 supplemental response to Interrogatory No. 4 (DE 54-7 at 10-12).

## C. Discussion

### 1. Defendant Morris and the Third Request for Documents

Plaintiff has filed a motion to withdraw the first and third portions of his motion to compel. (DE 55; *see also* DE 56 at 2.) Upon consideration, Plaintiff's motion to withdraw will be granted, and, accordingly, the portions of Plaintiff's motion related to Defendant Morris and the third requests for documents will be deemed moot.

Therefore, the Court need only opine on the portion of Plaintiff's motion related to Defendant Odette.

### 2. Defendant Odette

Interrogatory No. 1 asked Odette: "Did you contact the control center and/or Sgt. Biddle on or about December 26, 2016, and inform Sgt. Biddle, or whomever you spoke to in the control center at that time, that Plaintiff Kitchen was possibly in possession of contraband and then request[] permission to strip search Kitchen?" (DE 51 at 17.) Odette responded, "No." (*Id*.) Interrogatory No. 2 began, "[i]f your answer to Interrogatory #1 is in the affirmative . . . ." Sensibly, Defendant Odette answered, "N/A." (*Id*.) As to Interrogatory No. 3, which began, "[b]ased on your answer to Interrogatory #2 . . .[,]" there was no response. (DE 51 at 17-18.) As to Interrogatory No. 4, which began, "[b]ased on your answer to Interrogatory #2, . . . [,]" Odette responded, "N/A." (DE 51 at 18.)

As to Odette, Plaintiff's March 11, 2019 motion to compel concerns the responses to Interrogatory Nos. 3 and 4. (DE 51 at 1, 4-6.) As noted above, by a letter dated March 19, 2019, defense counsel explained Odette's omission of a response to Interrogatory No. 3 was an accident and would be supplemented, and it appears that an unsworn supplemental response to Interrogatory No. 3 was simultaneously provided to Plaintiff. (DE 54-7 at 2-3, 6-7.)

In response to the instant motion, Defendants claim that Odette "has answered Plaintiff's questions as they are written . . . [,]" and "Plaintiff's argument of 'Kitchen is not an attorney' is not a valid excuse for Plaintiff's ill-written requests." (DE 54 at 9-11.) Also, Defendants argue that "[t]he Court should deny

5

Plaintiff's request for sanctions against Defendant Odette because Defendant Odette has responded to all discovery requests and Plaintiff has failed to file a motion specifying the relief he seeks." (DE 54 at 13.)

In his reply, Plaintiff contends that Odette "is not cooperating in discovery" and "sanctions should be imposed." (DE 56 at 2-4.) However, Plaintiff's contention that "it was improper for [Defendants] to take advantage of how Kitchen wrote the questions as an excuse not to provide the information that they knew he was after[,]" (DE 56 at 3-4), is misguided. It is not "playing games and violating the spirit of the discovery rules[,]" (DE 56 at 3), when a party answers the question asked of it in accordance with the rules. In litigation, disclosures and discovery are governed by Fed. Rules Civ. P. 26-37. In particular, Rule 26(a) provides for required disclosures, beyond which the scope of limits and discovery is set forth in Rule 26(b). As to the latter, the discovery rules provide several vehicles for eliciting information, such as depositions, interrogatories, requests for production of documents, and requests for admission. Fed. Rules Civ. P. 30, 33, 34, 36.

Here, Plaintiff attempted to elicit information from Odette by way of interrogatories, and Rule 33(b) requires that "[t]he interrogatories must be answered . . . by the party to whom they are directed[,]" Fed. R. Civ. P. 33(b)(1)(A), and "[e]ach interrogatory must, to the extent it is not objected to, be

answered separately and fully in writing under oath[,]" Fed. R. Civ. P. 33(b)(3). Plaintiff persuasively points out that "'prisoners often get the 'runaround' when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case result.'" *Baker v. Salvation Army*, No. 09-CV-11424, 2011 WL 1238937, at *3 (E.D. Mich. Jan. 6, 2011) (Majzoub, M.J.) (quoting *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir.1995)), *report and recommendation adopted*, No. 09-11424, 2011 WL 1233200 (E.D. Mich. Mar. 30, 2011) (Lawson, J.). (DE 51 at 4.) Plaintiff also correctly notes that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation[,]" *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). (DE 56 at 3.) Nonetheless, Defendant Odette answered the question posed to him, as he was permitted to do. Thus, the Court declines Plaintiff's invitation to "not . . . pay attention to how Kitchen drafted his questions[,]" and will not "require Defendant Odette to respond to Kitchen's questions by providing the information that he understands the questions are trying to elicit." (DE 56 at 4.) Defendant Odette is not required to provide the information or response he "knows" or suspects Plaintiff is after, only the information that Plaintiff actually sought.

### 3. Defendants' requests in response

Plaintiff asserts that his "attempts to resolve this matter and gain concurrence in this motion from defense counsel ha[ve] failed." (DE 51 at 1; *see*

7

*also* DE 51 at 2.) Defendants assert that "Plaintiff has not conferred in good-faith and attempted to resolve this issue without the use of the Courts, and his recent filings and pending motions conclude that he is not operating in good-faith." (DE 54 at 4-7.)

As noted above, from February 7, 2019 to March 8, 2019, the parties exchanged correspondence. (DE 51 at 25-26, 28; DEs 54-2, 54-3, 54-5, 54-5, 54-6.) It seems that the drafting and filing of Plaintiff's instant motion - March 6, 2019 (Wednesday) and March 11, 2019 (Monday) - enveloped Defendants' letter dated March 8, 2019 (Friday). (*See* DE 51 at 1, 8; DE 54-4.) Thus, the Court understands Defendants' statement that "Plaintiff allowing 2 business days to pass before filing his 29-page motion to compel shows that Plaintiff had no intention of conferring with Defendants in good faith." (DE 54 at 4.)

Nonetheless, and perhaps more problematically, Defendants improperly rely upon *W.D. Mich.* LCivR 7(d). (DE 54 at 2, 14.) *This* Court's local rules apply here, among which is a rule that provides:

> With respect to all motions to compel discovery, counsel for each of the parties or a party without counsel shall confer in advance of the hearing in a good faith effort to narrow the areas of disagreement. The conference shall be held a sufficient time in advance of the hearing so as to enable the parties to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the movant or a party without counsel to arrange for the conference.

E.D. Mich. LR 37.1.  In addition, this district's motion practice rule provides that, "[i]f concurrence is not obtained, the motion or request must state . . ." one of three options, the third of which is that "concurrence in this motion has not been sought because the movant or nonmovant is an incarcerated prisoner proceeding pro se." E.D. Mich. 7.1(a)(2)(C).  Upon consideration, the Court will not decide Plaintiff's motion on the basis of whether he complied with this Court's concurrence rules.

II. **ORDER**

For the reasons stated above, Plaintiff's March 11, 2019 third motion to compel discovery and to impose sanctions against Defendant Odette (DE 51) is **DEEMED WITHDRAWN** as to Defendant Morris and the Third Request for Documents but **DENIED** as to Defendant Odette.  It follows that Plaintiff's March 28, 2019 motion to withdraw portions of the motion to compel (DE 55) is **GRANTED**.

Defendants' request "to award Defendants cost for the 4 hours necessary to respond . . . [,]" (DE 54 at 15) is **DENIED**.  Even though this motion was deemed withdrawn in part and denied in part, I conclude that "the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).  Nor will I exercise my discretion to "apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).  Still, Plaintiff is cautioned that his forthcoming action in this case should conform to the Fed. Rules of Civ. P.,

the Local Rules of the E.D. Mich., and the Undersigned's practice guidelines, the latter two of which are accessible on the Court's website ([www.mied.uscourts.gov](www.mied.uscourts.gov)). Otherwise, such costs may be assessed in the future.

Finally, to the extent that Defendants' supplemental interrogatory responses remain unsworn, they must be sworn under oath and served as such within 10 days of this Order.

**IT IS SO ORDERED.**

Dated: April 19, 2019          s/*Anthony P. Patti*
                                                Anthony P. Patti
                                                UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on January 12, 2018, electronically and/or by U.S. Mail.

                                                s/Michael Williams
                                                Case Manager for the
                                                Honorable Anthony P. Patti