UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

                  Plaintiff,

v.

O'BELL T. WINN, et al.,

                  Defendants.
_____/

Case No. 2:17-cv-11627
Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

**<u>OPINION AND ORDER (1) CONSTRUING PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION (DE 60) AS A SUPPLEMENTAL MOTION TO AMEND and GRANTING SUCH MOTION; (2) PROVIDING DIRECTION TO THE CLERK OF THE COURT & THE USMS WITH RESPECT TO SERVICE OF THE AMENDED COMPLAINT (DE 61) UPON DEFENDANTS BIDDLE and SMITH; (3) EXTENDING DATES; (4) DENYING WITHOUT PREJUDICE MOTIONS TO EXCEED PAGE LIMIT (DEs 75, 78); and, (5) STRIKING SEVERAL FILINGS (DEs 76, 77, 80)</u>**

**I.     OPINION**

    **A.     Original Complaint**

Michael Kitchen (#189265), is currently in the Michigan Department of Corrections' (MDOC's) custody at Michigan Reformatory (RMI) in Ionia, Michigan. (DE 43.) On May 19, 2017, while incarcerated at the Earnest C. Brooks Correctional Facility (LRF), Kitchen filed the instant lawsuit *in pro per* against ten named defendants, each of whom is identified as being located at the Saginaw

Correctional Facility (SRF). (DE 1 ¶¶ 5-7.) In addition, he listed as Defendants "Unknown Supervisors or Guards." (DE 1 ¶ 8.)

Each of the ten named defendants is represented by Michigan's Attorney General. Defendants were given until September 27, 2017 by which to file a responsive pleading. (DEs 23, 24.) On May 22, 2018, Judge Steeh entered an order accepting my report and recommendation, granting in part and denying in part Defendants' motion for summary judgment, and dismissing Plaintiff's claims for money damages against Defendants in their official capacities. (DE 33.)

### B. Discovery & Dispositive Motion Deadlines

On September 11, 2018, I entered an order setting the discovery deadline for November 6, 2018 and the dispositive motion cutoff for December 6, 2018. (DE 37.) Since then, there have been several extensions: (1) on December 4, 2018, the discovery deadline was extended to Monday, January 7, 2019, and the dispositive motion deadline was extended to Wednesday, February 6, 2019; (2) on February 27, 2019, the dispositive motion cutoff was extended to June 5, 2019; and, (3) on July 30, 2019, the discovery deadline was extended to July 16, 2019, and the dispositive motion cut-off was set for August 15, 2019.

### C. Plaintiff's Attempt to Amend His Complaint

Meanwhile, on January 25, 2019, Plaintiff filed a motion to amend his complaint, attached to which was a proposed amended complaint. (DE 45, DE 45-

1.) On April 8, 2019, I entered an opinion and order granting in part and denying in part Plaintiff's motion. (DE 57.) Among other things, I stated that "the Court is not convinced that there was adequate information for prison officials to know that Plaintiff was grieving proposed Defendants Biddle and Smith." (DE 57 at 14; *see also* DE 57 at 17.) Therefore, the Court denied Plaintiff's motion to amend as to proposed Defendants Biddle and Smith. (DE 57 at 23.)

### D. Instant Matter

Among the many motions currently pending before the Court is Plaintiff's April 23, 2019 emergency motion for reconsideration of the Court's April 8, 2019 order (DE 57), to the extent it denied the motion to amend as to adding Defendants Smith and Biddle. (DE 60 at 1-5.) Defendants filed a response on May 24, 2019, wherein they state that Plaintiff "has now identified the source of his contention that Biddle and Smith are involved in the chain of events that this suit is based upon, albeit late[,]" and claim to "have no additional legal argument in opposition of Plaintiff's motion." (DE 66 at 5.)

### E. Discussion

**1. Plaintiff's emergency motion for reconsideration is construed as an amended motion to amend and granted.**

In this district, motions for reconsideration substantively rise and fall on whether a party can demonstrate a palpable defect, which, if corrected, "will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Plaintiff's motion

does not demonstrate such a defect in the Court's order. In fact, Plaintiff seems to admit as much. He "apologizes for that oversight," and attaches Karl and Odette's discovery responses, which he argues make "clear that proposed Defendants Smith and Biddle were involved in the strip and cell search that Kitchen underwent on December 26, 2016[.]" (DE 60 at 3-4.)[1] Therefore, Plaintiff claims, Smith and Biddle "should be added as defendants." (DE 60 at 4.)

Upon consideration, the Court construes Plaintiff's motion for reconsideration as a supplemental motion to amend and grants such motion.

### 2. Plaintiff's April 25, 2019 amended complaint, which names 18 Defendants, is the operative pleading.

On April 25, 2019, Plaintiff filed an amended complaint against 18 Defendants, the 10 original Defendants plus 8 additional Defendants: **(1)** Todd Massick, **(2)** Markus Huizar, **(3)** Jermer (Jemar) Rozier, **(4)** Russell Vittitow, **(5)** Michael Smith, **(6)** Captain (Vicki) Close, **(7)** Sgt. Biddle, and **(8)** Sgt. (Todd)

---

[1] Attached to the motion and brief are: **(1)** Odette's August 13, 2018 answers to Plaintiff's first set of interrogatories (DE 60 at 6-9); **(2)** Karl's August 14, 2018 answers to Plaintiff's first set of interrogatories (DE 60 at 10-13); **(3)** Odette's October 12, 2018 answers to Plaintiff's second set of interrogatories (DE 60 at 14-19); **(4)** Odette's January 29, 2019 supplemental answers to Plaintiff's second set of interrogatories (DE 60 at 20-23); **(5)** Odette's February 8, 2019 answers to Plaintiff's third set of interrogatories (DE 60 at 24-28); **(6)** Odette's March 13, 2019 supplemental answer to Plaintiff's third set of interrogatories (DE 60 at 29-31); and, **(7)** an MDOC memorandum to Wendt from Odette, which mentions Biddle (DE 60 at 32-33).

4

Wendt. (DE 61.) Massick, Huizar, Rozier, Vittitow, Close and Wendt have appeared via counsel. (DE 67-73.)

Smith and Biddle have yet to appear.

**II. ORDER**

Accordingly, Plaintiff's April 23, 2019 emergency motion (DE 60) for reconsideration of the Court's April 8, 2019 order (DE 57) is **CONSTRUED** as a supplemental motion to amend and **GRANTED**. The Clerk of the Court is **DIRECTED** to prepare papers for service of Plaintiff's amended complaint (DE 61) upon Defendants Biddle and Smith, after which the U.S. Marshal Service is **DIRECTED** to attempt service of process upon these Defendants.

Also, while the Court recognizes that the parties filed a stipulation to extend the discovery and dispositive motion deadlines (DE 74), which resulted in this Court's July 30, 2019 order extending the discovery deadline to July 16, 2019 and the dispositive motion deadline to August 15, 2019, the Court nonetheless determines that dates should be further extended as follows: (a) the discovery deadline is extended to **October 15, 2019**, as to Defendants Biddle and Smith only; and, (b) the dispositive motion deadline is extended to **November 15, 2019** as to all parties.

Meanwhile, the parties' motions to exceed page limit (DEs 75, 78) are **DENIED**, and the related cross-motions for summary judgment (DEs 76, 80) - one

of which also requests discovery sanctions, each of which concerns only 16 defendants, and both of which exceed E.D. Mich. LR 7.1(d)(3)(A)'s 25-page limit for briefs - are **STRICKEN**. Defendants' related exhibit (DE 77) is also **STRICKEN**. In light of the two new defendants and related extension of discovery, the Court directs that dispositive motion practice by Defendants be pursued through a single motion that concerns all 18 defendants. Accordingly, once the new defendants have been served and the related discovery period has concluded, the Court will entertain reasonable motions for excess pages, which should be filed at least 10 days in advance of the summary judgment motion and will be considered *ex parte*. Defendants should not necessarily count on the 15 extra pages requested in their motion for extension (DE 75), or even the 8 pages by which their now stricken motion for summary judgment (DE 76) in fact exceeded the 25 page limit, unless they explain in detail why so many pages are needed, as the Court notes that, while there are many named defendants, a fair number of them are accused of quite similar behavior or occupy quite similar positions. The same goes for Plaintiff.

Finally, Plaintiff's August 19, 2019 motion for hearing & oral argument on request for spoliation of evidence sanctions (DE 79) will be addressed under separate cover.

Dated: August 21, 2019         s/*Anthony P. Patti*
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on August 21, 2019, electronically and/or by U.S. Mail.

                                           s/Michael Williams
                                           Case Manager for the
                                           Honorable Anthony P. Patti