UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

            Plaintiff,

v.

O'BELL T. WINN, et al.,

           Defendants.

Case No. 2:17-cv-11627
Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR HEARING & ORAL ARGUMENT ON REQUEST FOR SPOLIATION OF EVIDENCE SANCTIONS (DE 79)

**I.  OPINION**

    **A.  Plaintiff initiated this case on May 19, 2017.**

Michael Kitchen (#189265), is currently in the Michigan Department of Corrections' (MDOC's) custody at Michigan Reformatory (RMI) in Ionia, Michigan. (DE 43.) On May 19, 2017, while incarcerated at the Earnest C. Brooks Correctional Facility (LRF), Kitchen filed the instant lawsuit *in pro per* against ten named defendants, each of whom is identified as being located at the Saginaw Correctional Facility (SRF). (DE 1 ¶¶ 5-7.) In addition, he listed as Defendants "Unknown Supervisors or Guards." (DE 1 ¶ 8.)

Each of the ten named defendants is represented by Michigan's Attorney General. (DE 11.)

1

### B. Plaintiff's April 25, 2019 amended complaint, which names 18 Defendants, is the operative pleading.

On April 25, 2019, Plaintiff filed an amended complaint against 18 Defendants, the 10 original Defendants plus 8 additional Defendants: **(1)** Todd Massick, **(2)** Markus Huizar, **(3)** Jermer (Jemar) Rozier, **(4)** Russell Vittitow, **(5)** Michael Smith, **(6)** Captain (Vicki) Close, **(7)** Sgt. Biddle, and **(8)** Sgt. (Todd) Wendt. (DE 61.) Massick, Huizar, Rozier, Vittitow, Close and Wendt have appeared via counsel. (DE 67-73.)

Smith and Biddle have yet to appear.

### C. Plaintiff now requests a hearing and oral argument on his request for spoliation sanctions.

In the operative pleading, Plaintiff describes the alleged events of January 17, 2017, when he claims to have been strip searched by Trombley and Glynn at the direction of Massick and Close (and/or with their knowledge, approval, authorization, acquiescence). (DE 61 ¶ 61.) Approximately 2.5 years later, on June 21, 2019, Plaintiff deposed Defendant Todd Massick regarding those events. (*See* DE 79 at 13-18.) Of particular import is Massick's deposition testimony that he "received an anonymous kite indicating that [Plaintiff was] in possession of a weapon[,]" "[did not] have the kite[,]" and "once the search is completed and there's nothing found, [he] discard[s] them." (DE 79 at 14-16.)

On August 19, 2019, nearly two months after the deposition, Plaintiff filed a motion for hearing & oral argument on request for spoliation of evidence sanctions. (DE 79 at 1-5.) Not having received a timely response from Defendants, I entered an order requiring them to show cause why the Court should not grant: (1) Plaintiffs request for hearing and oral argument; and, (2) the underlying relief sought.

Defendants timely filed their show cause response. (DE 84.) Having explained why their counsel "incorrectly believed that the present motion was . . . stricken[,]" Defendants substantively argue that Masick "did not have a duty to preserve the anonymous kite he received, nor did he have a culpable mind to destroy evidence." (DE 84 at 4, 6-12.)

The Court has not ordered Plaintiff to reply to Defendants' delayed response, and it does not conclude that such a filing is necessary to rule upon the issue set forth in Plaintiff's motion.

**D.     Discussion**

Plaintiff seeks spoliation sanctions "against Defendants Massick, Close, Glynn, and Trombley in connection with a [January 17, 2017] strip search." (DE 79 at 2.) Specifically, Plaintiff refers to "the destruction of an alleged anonymous kite by Defendant Massick[,]" for which he sought spoliation sanctions in his simultaneously filed but since-stricken motion for summary judgment. (*Id.*, DE 80).

Spoliation is "[t]he intentional destruction, mutilation, alteration, or concealment of evidence, usu[ally] a document." Black's Law Dictionary (11th ed. 2019). "If proved, spoliation may be used to establish that the evidence was unfavorable to the party responsible." (*Id*.) "[A] party seeking an adverse inference instruction based on the destruction of evidence must establish . . .

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (citing *Byrnie v. Town of Cromwell,* 243 F.3d 93, 107–12 (2d Cir.2001)); *see also Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (quoting *Residential Funding Corp.*, 306 F.3d at 107).

Plaintiff "does not believe that there ever was an anonymous kite," and he questions Massick's "reasons for allegedly destroying it . . . ." (DE 79 at 3.) However, if Plaintiff takes issue with the consistency, or lack thereof, of Massick's testimony, Plaintiff's time to poke holes in Massick's version of the events is in response to Defendants' dispositive motion or by cross-examination at trial. Also, citing non-compliance with MDOC Policy Directive 04.04.110 ("Search and Arrest in Correctional Facilities"), Plaintiff questions Massick's authority to order or authorize the search or his qualifications to conduct the search. (DE 79 at 4.) Yet,

4

if Plaintiff questions prison officials' credibility or wishes to explore the strip search process or the handling of anonymous kites, these, too, are issues to be examined through dispositive motion practice and/or at trial.

## II. ORDER

Even assuming, *arguendo*, that Plaintiff has established that the destroyed evidence is "relevant," such that a reasonable trier of fact could find that it would support the claim(s) set forth in his operative pleading, he has failed to establish, for purposes of this motion, that: (1) "the party having control over the evidence had an obligation to preserve it *at the time it was destroyed*;" or, (2) "the records were destroyed "with a culpable state of mind[.]" *Residential Funding Corp.*, 306 F.3d at 107. Accordingly, Plaintiff's August 19, 2019 motion for hearing & oral argument on request for spoliation of evidence sanctions (DE 79) is **DENIED**.

Dated: September 19, 2019         s/*Anthony P. Patti*
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing documents was sent to parties of record on September 20, 2019, electronically and/or by U.S. Mail.

    s/Michael Williams
    Case Manager for the
    Honorable Anthony P. Patti