UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

       Plaintiff,

                                   Case No. 17-11627

       v.

                                   Hon. George Caram Steeh

O'DELL WINN, *et al.*,

       Defendants.

_____/

ORDER ADOPTING IN PART AND REJECTING
IN PART REPORT AND RECOMMENDATION (ECF No. 103)

On August 11, 2020, Magistrate Judge Anthony P. Patti issued a

report and recommendation proposing that the court grant in part and deny

in part the parties' cross-motions for summary judgment.  Both sides have

submitted objections.  With one exception, as discussed below, the court

will overrule the parties' objections and grant in part and deny in part the

cross-motions for summary judgment.

BACKGROUND FACTS

Plaintiff Michael Kitchen, a pro se prisoner, filed this suit against

eighteen prison officials.  Plaintiff alleges that he was transferred to a

"sanction wing," resulting in fewer privileges, as a result of complaints he

lodged against Defendant Morris, a prison counselor.  Plaintiff also alleges

that various officers retaliated against him for filing grievances, including by subjecting him to unreasonable strip and cell searches.  Count I of his complaint alleges a First Amendment retaliation claim related to his transfers; Count II alleges First, Fourth, Eighth, and Fourteenth Amendment claims related to the strip and cell searches; and Count III alleges intentional infliction of emotional distress.  *See* ECF No. 61 (amended complaint).

## STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## ANALYSIS

I.   Defendants' Objections

A. Objections 1-3

The magistrate judge recommends that the court deny summary judgment with respect to Plaintiff's First Amendment retaliation claims against Defendants Wendt, Massick, Huizar, and Rozier.  Defendants

object, arguing in Objections 1-3 that Plaintiff has failed to establish

protected conduct, an adverse action, or a causal connection between the

two.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 386-87 & n.3 (6th Cir.

1999) (elements of a retaliation claim).  Plaintiff argues that these

defendants ordered or conducted cell and strip searches in retaliation for

his filing of grievances.  Plaintiff points to the fact that the searches

occurred soon after he submitted his grievances and after his family called

to complain on his behalf.  Plaintiff also notes that he has rarely been

subject to non-routine strip searches, the searches were not properly

authorized, and that his property was vandalized during the searches.

Plaintiff has failed to establish, however, that Wendt, Massick, Huizar, and

Rozier knew about his grievances or family phone calls before ordering or

conducting the searches.  "[T]he defendant must have known about the

protected activity in order for it to have motivated the adverse action."

*Thaddeus-X*, 175 F.3d at 387 n.3.  Plaintiff did not file grievances against

these Defendants prior to the alleged retaliatory actions, and there is no

evidence that these Defendants were aware of Plaintiff's grievances

against other officers.  *See* ECF No. 104 at PageID 2081-85; ECF No. 25

at PageID 159-61,195, 208-209, 215, 218.  Although Plaintiff disputes

Defendants' justifications for the searches, none of his evidence creates a

reasonable inference that these Defendants *knew* about his protected activity and were motivated by it.  Accordingly, the court will sustain Defendants' objection that Plaintiff failed to establish a causal connection between the adverse actions and protected conduct (Objection 3).  As this disposes of Plaintiff's First Amendment claim against these Defendants, the court will deny Objections 1 and 2 as moot.

### B. Objection 4

The magistrate judge noted that Defendants failed to move for summary judgment regarding Plaintiff's Fourth Amendment strip search claim and that, therefore, the claim should survive.  ECF No. 103 at PageID 2071.  Defendants object, arguing that Count II of Plaintiff's complaint was unclear and that this claim should have been dismissed by the court upon an initial screening.  To the extent Defendants are suggesting that they were not on notice that Plaintiff was asserting a Fourth Amendment claim, their argument is unavailing.  The complaint alleges that the strip searches violated Plaintiff's constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments.  *See* ECF No. 61 at ¶ 87.  Plaintiff also moved for summary judgment on the basis that the strip searches violated his right to privacy.  ECF No. 96 at Page ID 1702-1703.  Defendants neither responded to this argument nor moved for summary judgment on this

claim.  *See* ECF No. 98.  Because they did not present this argument to the magistrate judge in the first instance, the court will not consider it.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

### C. Objection 5

In their summary judgment motion, Defendants argued that the court should decline to exercise supplemental jurisdiction over Plaintiff's intentional infliction of emotional distress claim.  The magistrate judge declined to dismiss the claim, noting that Defendants did not address the merits.  Defendants attempt to do so now, arguing that because no constitutional claims remain against Defendants Winn, Foy, Culberson, Haynes, and Chalker, they also cannot be liable for intentional infliction of emotional distress.  Again, because Defendants failed to present this argument to the magistrate, the court will not consider here.  *See id.*

### D. Objection 6

Defendants argue that they are entitled to qualified immunity regarding the strip searches because these searches did not violate the Fourth Amendment.  Defendants failed to raise any argument regarding

Plaintiff's Fourth Amendment claims before the magistrate judge.

Moreover, Plaintiff has stated a Fourth Amendment claim regarding at least

one of the strip searches, which he alleges was performed in view of other

inmates and staff.  "[S]trip searches performed in view of other inmates

without a legitimate penological justification violates inmates' clearly

established Fourth Amendment rights."  *Salem v. Michigan Dep't of Corr.*,

643 Fed. Appx. 526, 530 (6th Cir. 2016).  The court will overrule

Defendants' objection.

    II.    Plaintiff's Objections

        A. Objection 1

        Plaintiff objects that the magistrate judge did not explicitly rule on his

motion for summary judgment and argues that he is entitled to judgment in

his favor.  In particular, Plaintiff claims that he is entitled to summary

judgment on his Fourth and Fourteenth Amendment strip search claims.

The magistrate judge properly analyzed Plaintiff's strip search claims under

the Fourth Amendment's right to privacy, rather than a under a Fourteenth

Amendment substantive due process standard.  *See Stoudemire v.*

*Michigan Dep't of Corr.*, 705 F.3d 560, 572 (6th Cir. 2013) (analyzing

reasonableness of strip search under Fourth Amendment); *Salem v.*

*Michigan Dep't of Corr.*, No. 13-14567, 2015 WL 1966727, at *9 (E.D. Mich.

May 1, 2015), *aff'd in part*, 643 Fed. Appx. 526 (6th Cir. 2016).

In evaluating whether a strip search violates a prisoner's right to

privacy,

> we first examine the scope, manner, and location of the
> search – as well as the justification for initiating it – in order
> to assess the degree to which it invaded the prisoner's
> right to privacy. We next evaluate the need for the search,
> giving due deference to the correctional officer's exercise
> of her discretionary functions. Finally, we determine
> whether the search was reasonably related to legitimate
> penological interests by weighing the need against the
> invasion.

*Stoudemire*, 705 F.3d at 572.  The magistrate judge determined that a

question of fact existed regarding the justification and need for the

searches.  *See* ECF No. 103 at PageID 2065.  Further, there is a dispute

regarding the manner of at least one of the searches.  Plaintiff alleges that

he was searched in view of other prisoners and staff, whereas Officer

Trombley contends that he blocked any outside view of the search.  *See*

ECF No. 94-19.  As the magistrate judge implicitly recognized, these

factual disputes preclude summary judgment in Plaintiff's favor on his

Fourth Amendment claim.

Plaintiff also objects that the magistrate judge did not explicitly

consider his Eighth Amendment claim based upon frequent, unjustified cell

searches when his property was vandalized.  In this regard, Plaintiff's one-paragraph argument in his brief does not suffice to sustain his summary judgment burden.  *See* ECF No. 96 at PageID 1703.  Additionally, as discussed above, there is a question of fact regarding whether the cell searches were unjustified and whether Plaintiff's property was vandalized, rendering summary judgment inappropriate.[1]  Plaintiff's objection is overruled.

### B. Objection 2

Plaintiff also objects to the magistrate judge's recommendation to dismiss his First Amendment retaliation claims against Karl, Odette, Trombley, and Glynn.  Plaintiff alleges that these Defendants searched his cell and strip searched him as part of a concerted effort to retaliate against him.  He asserts that Defendants are not entitled to summary judgment

---

[1] Moreover, the court questions whether Plaintiff has alleged sufficient facts to state an Eighth Amendment violation or overcome qualified immunity.  *See generally Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1093-94 (6th Cir. 2019) ("The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the unnecessary and wanton infliction of pain."); *George v. Ballard*, 2017 WL 7550768, at *2 (6th Cir. Aug. 23, 2017) ("We have consistently recognized that harassing behavior from prison officials does not alone rise to the level of cruel and unusual punishment."); *Dyer v. Hardwick*, 2012 WL 4762119, at *38 (E.D. Mich. Aug. 3, 2012), *report and recommendation adopted in relevant part*, 2012 WL 3695671 (E.D. Mich. Aug. 23, 2012) (finding Eighth Amendment right not to be subject to frequent cell searches not clearly established); *Williams v. Washington*, 2018 WL 6190497, at *12 (W.D. Mich. Nov. 28, 2018) (frequent cell searches and pat downs did not rise to the level of an Eighth Amendment violation).  Because this issue was not fully briefed and considered by the magistrate judge, however, the court will not address it here.

because they failed to demonstrate that they would have conducted the searches in the absence of his protected activity. *See Thaddeus-X*, 175 F.3d at 399. The burden does not shift to Defendants to make this showing, however, unless Plaintiff establishes that "his protected conduct was a motivating factor behind any harm." *Id.* The court agrees with the magistrate judge that Plaintiff has not demonstrated that his protected conduct motivated Karl, Odette, Trombley, or Glynn to conduct the searches. There is no evidence that these Defendants were aware of Plaintiff's protected conduct when they conducted the searches. *See id.* at 387 n.3. Plaintiff's objection is overruled.

C. Objections 3 and 4

Plaintiff argues that the magistrate judge erred by recommending that the court grant summary judgment in favor of Winn, Foy, Culberson, Haynes, Chalker, and Vittitow on his retaliatory transfer claim. This argument is misplaced as to Vittitow, because the magistrate judge recommended that the court deny Defendants' motion for summary judgment as to him. ECF No. 103 at PageID 2055, 2074. Defendants also acknowledge that a question of fact exists as to Plaintiff's claims against Vittitow and Morris. ECF No. 104 at PageID 2101.

As for Winn, Foy, Culberson, Haynes, and Chalker, the magistrate judge determined that Plaintiff did not establish that they were actively involved in his transfer or had a retaliatory motive.  ECF No. 103 at PageID 2051-52, 2056-57.  The court agrees that Plaintiff neither established an active role or an inference of retaliatory motive with respect to these Defendants.

As for his claim against Morris, Plaintiff argues that the court should grant summary judgment in his favor.  Essentially, Plaintiff contends that the court should grant summary judgment on his retaliatory transfer claim because Morris's reason for transferring him is unworthy of credence.  The court does not, however, weigh the credibility of witnesses when ruling on a motion for summary judgment.  The court agrees with the magistrate judge that there is a question of fact regarding Morris's motive for transferring Plaintiff and that summary judgment is inappropriate.  Accordingly, Plaintiff's objections are overruled.

D.    Objection 5

Plaintiff further objects to the magistrate judge's recommendation that the court grant summary judgment to Defendants Biddle, Smith, and Close with respect to his retaliatory search claims.  The magistrate judge determined that Plaintiff did not establish that these Defendants acted with

-10-

a retaliatory motive.  ECF No. 103 at PageID 2065-66.  Biddle and Smith

relayed orders to conduct the searches, while Close signed a search

authorization after the fact.  *See id.* at PageID 2062-66.  Plaintiff argues

that he has cast doubt on these Defendants' explanations regarding their

involvement in the searches or authority to authorize them.  Regardless,

Plaintiff has not demonstrated that these Defendants were motivated to

retaliate against him for filing grievances or other protected conduct.

Accordingly, Plaintiff's objection is overruled.


## ORDER

IT IS HEREBY ORDERED that Magistrate Judge Anthony P. Patti's

report and recommendation (ECF No. 103) is ADOPTED IN PART and

REJECTED IN PART.  The court rejects only the recommendation that

Plaintiff's First Amendment retaliation claim against Wendt, Massick,

Huizar, and Rozier should survive.  The court otherwise adopts Magistrate

Judge Patti's recommendations.

IT IS FURTHER ORDERED that Defendant's motion for summary

judgment (ECF No. 94) is GRANTED IN PART and DENIED IN PART,

consistent with Magistrate Judge Patti's recommendation and this opinion.

IT IS FURTHER ORDERED that Plaintiff's motion for summary

judgment (ECF No. 96) is DENIED.

Dated:  September 29, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 29, 2020, by electronic and/or ordinary mail and
also on Michael Kitchen #189265, Michigan Reformatory,
1342 West Main Street, Ionia, MI 48846.

s/Brianna Sauve
Deputy Clerk